IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-mj-2059-DPR |
| JUPITER ANIBAL ORDONEZ-CHANAS, | |
| Defendant. | |

**MOTION FOR DETENTION**

The United States of America, by and through its undersigned attorneys, respectfully requests that this Court order the detention of the defendant, Jupiter Anibal Ordonez-Chanas. In support, the United States offers the following suggestions:

1. A complaint has been filed charging the defendant with having unlawfully re-entered the United States after having been removed, in violation of Title 8, United States Code, Section 1326(a).

2. Title 18, United States Code, Section 3142(f)(2) provides that a hearing shall be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community upon a motion of the attorney for the Government or upon the judicial officer's own motion, when there is a serious risk that the defendant will flee, or when there is a serious risk that the defendant will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."

3. Regarding the defendant's risk of non-appearance, the defendant currently has an immigration detainer which has been lodged with the U.S. Marshal Service. The existence of an ICE detainer by itself is not a categorical, per se basis for detention because the Bail Reform Act creates no per se category of persons who must be detained, absent an individualized inquiry into the person's risk of flight or danger to the community. However, the Court can consider the defendant's status and existence of pending immigration proceedings as information relevant when considering other factors under the Act since they indicate prior noncompliance with federal law and thus are analogous to a prior criminal history. In this regard, the defendant is a citizen of Guatemala, not lawfully present in the United States. Further, the defendant has a track record of refusal to conform his conduct to what United States' laws require, as shown by his entering and repeatedly re-entering the United States without permission. On July 16, 2009, the defendant was ordered deported from the United States to Guatemala. The defendant illegally re-entered the United States and was deported for a second time on March 30, 2016.

4. Regarding the danger this defendant poses to the community, after illegally re-entering the United States, the Government notes the following from the defendant's criminal history:

   a. On January 7, 2008, the defendant was convicted of obstruction of justice, in the City of Carthage Municipal Court, Missouri.

   b. On June 12, 2008, the defendant was convicted of driving under the influence, in the City of Neosho Municipal Court, Missouri.

   c. On October 6, 2008, the defendant was convicted of driving under the influence, in the City of Carthage Municipal Court, Missouri.

d. On January 26, 2016, the defendant was convicted of driving under the influence, in the Jasper County, Missouri, Circuit Court.

e. On May 20, 2018, the defendant was arrested by the Jasper County Sheriff's Office for domestic assault in the third degree, 2 counts of resisting arrest, and unlawful use of a weapon.

5. Finally, the evidence of the defendant's guilt is overwhelming, as he has confessed to illegally re-entering the United States. *See* 18 U.S.C. § 3142(g)(2).

Based upon the foregoing, the United States submits that there is clear and convincing evidence that the defendant poses a danger to the community, and a preponderance of the evidence indicates that there are no conditions the Court could impose that would reasonably assure the defendant's presence at trial. The Government therefore respectfully requests that a detention hearing be held, and that the defendant be detained pending trial of this matter.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By: */s/ Patrick A.N. Carney*
    PATRICK A.N. CARNEY
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 30, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                          */s/ Patrick A.N. Carney*
                                                           PATRICK A.N. CARNEY
                                                           Assistant United States Attorney